IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

S. ALEJANDRO DOMINGUEZ,           )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No. 04 C 2907
                                  )
PAUL HENDLEY, et al.,             )
                                  )
               Defendants.        )

                       MEMORANDUM ORDER

     As the several in-court proceedings addressing defendants'
motion to supplement the appellate record reflect, the appellate
counsel for defendants has arbitrarily rejected this Court's
directive to confer with plaintiff's counsel to confirm a
readily-ascertainable matter: which of the potential jury
instructions that had originally been numbered by the trial court
defense counsel[1] were then withdrawn by such counsel even before
this Court had occasion to rule on those potential instructions.
In response to the motion to supplement the record, this Court
has held that it will not certify such voluntarily withdrawn

---

[1] Appellate counsel for defendants are not the same lawyers who handled the case at the district court level and are hence unfamiliar with the totality of the circumstances of the preparation for, and the conduct of, the lengthy jury instruction conference (although this Court has sought to close that gap by its explanation during the most recent in-court proceeding). But such unfamiliarity does not excuse the intransigence of the current counsel in disregarding this Court's oral order to meet and confer on that purely procedural matter, which would involve no surrender of counsel's legal position. Indeed, during the most recent in-court session this Court <u>explicitly</u> confirmed that no-prejudice posture, rendering even more poignant counsel's refusal to obey a specific judicial directive.

potential instructions as part of the record on appeal.

In that respect the attention of counsel is called to the recent opinion of our Court of Appeals in United States v. Haskins, No. 06-1438, 2007 WL 4482208, at *3-*4 (7th Cir. Dec. 26, 2007). There the Court dealt with an asserted error of the district court in failing to give a jury instruction that had originally been proposed by the government but was then objected to by defendant. Here is what the Court held (id.):

> Although the district court was initially inclined to give the instruction over Haskins' objection, it ultimately withdrew the instruction.
>
> Based on this chain of events, the government contends that Haskins has waived his argument about the instruction. We agree. Although Haskins claims we can review the issue for plain error, counsel's argument against inclusion of the instruction amounts to waiver. Unlike forfeiture (the failure to timely assert a right), waiver is the intentional abandonment of a known right, and precludes appellate review. See, e.g., United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Charles, 476 F.3d 492, 495 (7th Cir. 2007). Here Haskins knew he had the right to request the instruction, and instead argued against it. Accordingly, he has waived the issue. See Repa v. Roadway Exp., Inc., 477 F.3d 938, 942 (7th Cir. 2007).

If as in Haskins a party is held to have waived, and therefore cannot seek appellate review of, any issue as to an instruction against which that party had argued and which was then not given to the jury, the situation here--involving potential instructions that a party has voluntarily withdrawn before even seeking their inclusion or the district court's

ruling--follows a fortiori as an express waiver. That has been and continues to be the predicate for this Court's refusal to certify those really nonexistent instructions as a supplement to the record on appeal. And because counsel have advised this Court that the transcripts of the current in-court proceedings will be tendered to the Court of Appeals for its consideration, this memorandum order must also be transmitted to that court.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: January 16, 2008